## MOORE *versus* HOLLAND.

Where the contents of a written contract which is lost is proved by parol, without any copy, its construction must be determined by the jury.

A contract in writing by the owner of a quantity of hay, with the tenant of a farm, that he may take and use the hay, the same to be and remain the property of the original owner, and the manure made therefrom to be and remain also his property as it is made, is a lawful and valid contract.

In the *manure* made under such a contract, the tenant has no property, and a sale of it by him to his landlord conveys no title.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

TRESPASS, for a quantity of manure.

The writ contained two counts, one for breaking and entering the plaintiff's close, the other for carrying away his property.

It appeared that the plaintiff was the owner of a house and lot of land, which was occupied in 1844 and '45 by one Anderson, as his tenant. In the fall of 1844, Anderson agreed with the defendant for a mow of hay, to be paid in manure. The hay was to be defendant's until the manure was made from the hay; he was to have the manure for the hay. The hay was called six dollars, to be paid in manure, which was to be defendant's as it was made.

The agreement between Anderson and the defendant was in writing, but the loss of it was proved and the contents established by parol.

Plaintiff claimed title by bill of sale and delivery from Anderson, on April 25, 1845. The defendant took away from the plaintiff's premises two and a quarter cords of manure on May 2, 1845, and there was conflicting testimony

as to the fact whether Anderson at that time, was or not in possession.

The Judge instructed the jury, that if the defendant broke and entered the plaintiff's close without his consent, to carry away manure, after Anderson had vacated and given up possession of the premises to the plaintiff, this action was maintainable, even if the title to the manure was in the defendant at that time; and if they should find upon the testimony that the contract was that the hay procured by Anderson of the defendant, was to be and remain the property of the defendant; and that the manure made therefrom was to be and remain the property of the defendant as it was made, this would be a lawful contract, and Anderson would not acquire title to so much of the manure as was made from that hay, but would give to the defendant no right to the manure (if there was any) made from other hay, of which they were the judges; *that* if there was manure there not made from this hay, belonging to Anderson, he might lawfully sell it to plaintiff, and if he sold and delivered it as testified to, this would entitle the plaintiff to recover for so much of said manure as was not made from the hay purchased of the defendant.

A verdict was rendered for the defendant and the plaintiff excepted to the instructions.

*May*, for defendant.

*Gould*, for plaintiff.

RICE, J. — This is trespass for a quantity of manure taken and carried away by the defendant, and claimed by the plaintiff, by virtue of a bill of sale, and alleged delivery to him from one Anderson, who had occupied the premises, from which the manure was taken by the defendant, as tenant of the plaintiff. The defendant claimed title to the manure by virtue of a contract with Anderson, by which he supplied the hay from which the manure was made, under a stipulation that said hay was to remain his until it was used, and the manure made therefrom was to be his, as it was made.

This contract, which was reduced to writing, had been lost, and its contents were proved by the deposition of David B. Jones, who among other things, testified "that he heard an agreement between the defendant and Anderson, in regard to some manure, and hay, in the fall of 1844, in November. He (Anderson,) agreed with Holland for a mow of hay, to be paid for in manure. The hay was to be Holland's till the manure was made — that's about all — he was to have the manure for the hay."

This witness, in answer to other interrogatories, further stated, "there was a writing between them, that the hay should be Holland's till the manure was made from the hay. The hay was called six dollars, to be paid for in manure; the manure was to be Holland's as it was made."

The Judge instructed the jury "that if they should find upon the testimony that the contract was that the hay procured by Anderson of the defendant was to be and remain the property of the defendant, and that the manure made therefrom was to be and remain the property of the defendant as it was made, this would be a lawful contract, and Anderson would not acquire title to so much of the manure as was made from the hay, but it would give the defendant no right to manure, if there was any, made from other hay, of which they were the judges."

To this instruction the plaintiff, against whom the verdict was rendered, excepts, on the ground that the Judge erred in permitting the jury to determine from the evidence, the terms of the contract between the defendant and Anderson, contending that the contract having been reduced to writing, its construction (however its contents might be proved) was to be determined, as matter of law, by the Court. He also contends that by that contract the title to the hay passed to Anderson, as it was used, and that it was to be paid for in manure, the title to which could only pass from Anderson to the defendant, so as to affect the rights of subsequent purchasers, without notice, by a delivery to the defendant, and that, inasmuch as there had been no delivery to defendant

until after the sale and delivery to plaintiff, the title of the latter must prevail.

It is undoubtedly true, as a general rule, that instruments in writing are, when introduced as evidence, to be construed by the Court as matter of law. In such case, the facts appearing in the writing itself, there is nothing for the jury to find, and it only remains for the Court to apply the law. This rule, however, only applies when the instrument is before the Court, and when there is no dispute as to its contents; but does not apply when it becomes necessary to prove the contents of the instrument by parol. In that case the jury must find, as matter of fact, what were the contents of the missing instrument, from the evidence before them, and unless the instrument be proved by an exact copy, or in its precise terms, the Court cannot give a legal construction thereto but must, as in other cases of parol evidence, present the rules of law hypothetically, to be applied by the jury as they shall find the facts.

In the case at bar, the witness does not profess to give the precise words of the lost contract, and if he did so profess it would be a question of fact whether he did so. That question was properly submitted by the Court to the jury.

But it is contended that it was not competent for the parties to make a contract by which the defendant could acquire title to the manure, the product of his hay, without a formal delivery; that by converting hay into manure its character was so essentially changed as to destroy its identity, and consequently the continuity of ownership. To support this position, 2 Kent's Com. p. 363 and note, are cited. The authority there cited would apply in case the hay had been taken tortiously. But such is not the case here. The hay went into the possession of Anderson as matter of contract, and the only question presented was, whether by the terms of that contract Anderson became the purchaser of the hay, under an agreement to pay for it in manure, or whether he was simply the bailee, *locatio operis faciendi*, for the purpose of converting it into manure for the defen-

dant. If the former was the fact, if it were a sale, then the defendant could only acquire a valid title to the manure as against innocent purchasers, by a delivery; if the latter, if the hay was to be converted into manure by Anderson for the defendant, then, though the product was changed in form from the original article, the title to the property would not change, but remain in the original owner. *Collins* v. *Foster*, 3 T. R., 316; *Pierce* v. *Schenk*, 3 Hill, 28; *Smith* v. *Clark*, 21 Wend. 83; *Buffum* v. *Merry*, 3 Mason, 478; *Barker* v. *Roberts*, 8 Maine, 101. When the identical thing delivered is to be restored, though in an altered form, the contract is one of bailment, and the property is not changed. But when there is no obligation to restore the specific article, and the receiver is at liberty to return another thing of equal value, he becomes a debtor, to make the return, and the title to the property is changed, it is a sale. *Mallory* v. *Willis*, 4 Comst. 76.

The instructions of the Judge upon this point were carefully guarded, and are in strict conformity with established rules of law.

The objection, that the jury was misled by the instructions given in relation to the effect of a delivery of the manure to the plaintiff, is without foundation. Those actually given upon that point are manifestly correct. If the plaintiff had desired instructions as to the effect of leaving the manure upon his premises, the attention of the Judge should have been called to the matter officially.

There is no motion for setting aside the verdict as being against evidence. The correctness of the finding of the jury, upon matter of fact, is not therefore before the Court.

*Exceptions overruled and*
*judgment on the verdict.*