## Young v. Woodward.

To sustain a count for goods sold and delivered, or a count on an account annexed, there must be a sale shown, or a precedent debt upon which an express or implied promise can rest.

In general, in declaring on contracts of bailment or the consignment of goods for sale or return, there should be a special count, setting out the promise and undertaking of the defendant, the consideration on which it was founded, the breach of that promise by the defendant, or his neglect or carelessness, and the loss occasioned to the plaintiff thereby.

The application of payments, when not designated by the payor, may be made to the oldest indebtedness, or wherever the strict principles of equity require them to be made;—in the present case, in discharge of such part of the plaintiff's account as can be recovered in the pending suit.

Assumpsit. Writ dated July 14, 1860, containing two counts; one on an account annexed, and the other for goods, wares and merchandise, sold and delivered.

The account annexed contains but one item: "To balance on account, $99.38, as from bills sold at different times. September 3, 1858, made out." The date of the delivery of the first item in the specification is January 27, 1857, and the last February 21, 1857.

The specification contains items of jewelry and other articles, and may be referred to by either party, if deemed material. Plea, the general issue, with a brief statement.

The case was referred to an auditor, who made a report in favor of the defendant, subject to the opinion of the court on sundry questions of law stated therein. The parties, therefore, for the purposes of the case, agreed upon the following statement of facts, either party reserving the right to go to the jury upon the auditor's report, and any facts deemed material, after the adjudication of the questions of law herein stated.

The plaintiff delivered to the defendant the articles mentioned in his specification, under the following verbal arrangement: That the defendant should take the goods to sell for the plaintiff, and should account for such as he did not return, at certain agreed prices; and, if he returned any goods in a damaged condition, should allow the plaintiff for the damage on settlement.

The plaintiff entered the different lots of goods on his account book substantially as follows:

"Daniel R. Woodward took to sell;" and then followed an enumeration of the articles, with the prices. The defendant sold a portion of the goods, and returned a portion. The plaintiff called on the defendant to pay the balance he claimed as his due, before the commencement of this suit.

With the exception of the goods charged under date of February 3, amounting to $4.99, all the goods were taken from the plaintiff's store at Sanbornton Bridge, and delivered by John M. Young, the plaintiff's agent, at the defendant's residence in Franklin. John M. Young, at the time he delivered said goods, was a peddler, traveling from place to place, carrying jewelry and other articles,

and no evidence was offered either way to prove whether the plaintiff, or said John M. Young, had any license to sell goods as a peddler.

As to one item of $3.40, under date of February 5, which was for cloth, the auditor finds as follows: " The plaintiff admitted two payments after the cloth was delivered, and greater than the amount charged for the cloth. The defendant claimed that he had paid more. There was no evidence that the defendant requested the plaintiff to apply any part of the money upon this item, nor that the plaintiff did apply it on the goods delivered to sell, at the time he received it, or before this action was brought."

The plaintiff offered to make a special application of the credits at the time of hearing before the auditor, which was refused, on the ground that the parties were bound to whatever application had been made before the commencement of the suit, and that, as neither had made any application of the credits, the law applied them to the oldest debt then due. The questions of law arising on the case were assigned to the determination of the whole court.

*C. C. Rogers*, for the plaintiff, as to the sufficiency of the declaration, referred to 9 N. H. 298 ; 11 N. H. 375 ; 12 N. H. 535 ; 14 N. H. 331 ; 22 N. H. 282 ; 39 N. H. 156 ; *Stevens* v. *Lyford*, 7 N. H. 360 ; *Little* v. *Fuller*, 7 N. H. 535 ; *Pierce* v. *Duncan*, 22 N. H. 18 ; *Allen* v. *Webb*, 24 N. H. 278 ; 39 N. H. 156 ; 1 How. 156 ; 11 Wheaton 237 ; 19 Pick. 496 ; 7 Met. 276 ; 4 Wend. 285 ; 2 Stark. Ev. 71 ; 2 Cush. 271 ; *Cummings* v. *Nichols*, 13 N. H. 420. Upon the points of the application of payments, he referred to *Bank* v. *Brown*, 12 N. H. 321 ; *Thompson* v. *Phelan*, 22 N. H. 339 ; 3 Am. L. Reg. 700, and cases cited.

*Pike & Barnard*, for the defendant.

1. The action of *indebitatus assumpsit* for goods sold and delivered is not the proper form of action. The plaintiff should have declared specially on the contract. *Felton* v. *Dickinson*, 10 Mass. 287 ; *Baker* v. *Corey*, 19 Pick. 496 ; *Mitchell* v. *Gile*, 12 N. H. 390 ; *Ladd* v. *Seymour*, 24 Wend. 59 ; *Brown* v. *Holbrook*, 4 Gray 102 ; *Ayers* v. *Sleeper*, 7 Met. 45 ; Hill. on Sales 19, 391, sec. 2 ; *Streeter* v. *Sumner*, 19 N. H. 516.

The plaintiff did not sell the goods to Woodward. Woodward was to sell them for Young. 1 Pars. on Con. 450 ; Chit. on Con. 466. The two counts in the declaration are substantially the same. *Messer* v. *Woodman*, 22 N. H. 172. The contract is special in its character, and is not a matter of book charge. *Wheat* v. *Norris*, 13 N. H. 181. Upon the application of payments they cited *Chandler* v. *Wentworth*, 14 N. H. 431 ; *Lawrence* v. *Rand*, 26 N. H. 85 ; *Patterson* v. *Hall*, 9 Cow. 775 ; *Parks* v. *Ingraham*, 22 N. H. 281 ; *United States* v. *Kirkpatrick*, 9 Wheat. 720 ; *Hall* v. *Clement*, 41 N. H. 166 ; 2 Pars. on Con. 143 ; *Bank* v. *Brown*, 12 N. H. 320 ; *Hilton* v. *Bailey*, 2 N. H. 193 ; *Milliken* v. *Tufts*, 31 Me. 497 ; *Caldwell* v. *Wentworth*, 14 N. H. 431.

NESMITH, J. The first question presented is, has there been a sale here, or a precedent debt created, upon which an express or implied promise can rest, and the plaintiff's declaration sustained? In general, where the contract is of such a nature that, where the identical thing delivered is to be restored, though in an altered form, the property is not changed, and there is no sale. *Moore* v. *Hodand*, 39 Me. 307; *Mallory* v. *Welles*, 4 Coms. 76; *Gregory* v. *Striker*, 2 Den. 628. So where, upon a declaration in general assumpsit, for goods sold and delivered, the evidence showed a consignment for the purpose of a sale, and a sale of a portion of the property, this was held to be a special bailment, and the action did not lie. *Shepard* v. *Palmer*, 6 Conn. 95; *Reed* v. *Bertrand*, 4 Wash. 514; *Colman* v. *Price*, 1 Blackf. 303. Nor is the action in this form supported by evidence of the consignment of the goods to the defendant, upon his agreement to pay for and deliver them to the owners, when requested, and of his refusal so to pay for and deliver them. *Brown* v. *Holbrook*, 4 Gray 102. The reasoning in this case stands upon the earlier decision of *Shaw*, C. J., in *Ayers* v. *Sleeper*, 7 Met. 45. The declaration in the latter case contained the common money counts; also one on an account stated, and another for goods sold and delivered. The evidence showed a consignment of goods, but the action was not maintained, as there had been no sale. The contract may be modified frequently by the negligence of the party to account for the proceeds of the sale in a reasonable time. Then assumpsit, with a proper declaration, will lie, as in *Eaton* v. *Welton*, 32 N. H. 352; or upon the refusal of a consignee to deliver the proceeds of sale, on demand, and converted to the defendant's use, as in *Baker* v. *Corey*, 15 Ohio 9. In general, in this class of contracts of bailment, there should be a special count, which should set out the promise and undertaking of the defendant, the consideration on which it was founded, the breach of that promise by the defendant, or his neglect or carelessness, and the loss occasioned to the plaintiff thereby. *Kinnard* v. *Jones*, 9 Gratt. 183. The same doctrine is sustained in *Mitchell* v. *Gile*, 12 N. H. 392; *Wheat* v. *Norris*, 13 N. H. 179; *Meldrum* v. *Snow*, 9 Pick. 441; *Eldridge* v. *Benson*, 7 Cush. 483; *Mann* v. *Locke*, 11 N. H. 248; Chitty on Contracts 833. See form of declaration in this class of cases, 2 Ch. Pl. 161, 162. In *Topham* v. *Braddick*, 1 Taunt. 571, the declaration against the defendant as consignee averred a demand of an account. The court ruled that, to support the action, the demand must be proved or presumed.

Upon the declaration as it stands, the finding of the auditor that the action can not be maintained, for the goods consigned, is doubtless correct. But there appears to be charged in the plaintiff's account the sum of $3.40, for cloth delivered to the defendant under date of February 5, 1857. It is understood that this charge was not made for property consigned; therefore, this action may properly lie for the cloth, unless it be paid for by the defendant.

The auditor finds that the plaintiff admits two payments made by the defendant subsequent to the charge, and in amount exceeding the plaintiff's charge for the cloth. The payments were made with-

out any special request on the part of the defendant as to their application. Nor was there any special application made prior to this suit, and the question recurs, how will the law now make the application. Where no application has been made by the parties, the law will apply the payments to the oldest indebtedness. *Livermore* v. *Rand*, 26 N. H. 85. Another rule prevails, that in making applications of payments the principles of equity are recognized at law, so far as the nature of the proceedings will admit; *Bank* v. *Brown*, 12 N. H. 321; *Thompson* v. *Phelan*, 22 N. H. 339; or the application may be to the payment of that debt which, under all the circumstances, such as similarity in the account, character, or origin of the payment, appears to have been intended by the debtor. 11 Mass. 300; 5 Taunt. 596. Upon the strength of the aforesaid principles it would seem to be just and equitable, that if the payments, after the purchase of the cloth, were made from the funds realized by the defendant from the actual sale and proceeds of the plaintiff's property, the money thus obtained should be applied, *pro tanto*, to the discharge of so much of the plaintiff's account; on the other hand, if the payments were made from the defendant's own private funds, then the application to be made to the discharge of the account had by the defendant in his private right. Or that the principle suggested by the court in *Hilton* v. *Bailey*, 2 N. H. 196, should prevail, that the payments be applied in discharge of such part of the plaintiff's account as can be recovered in the suit then pending. It seems to us that this view of the facts of the case would accord with the strict principles of right and equity between the parties; and when the facts are ascertained upon the aforesaid principles before suggested, then judgment can be rendered accordingly.