## Mary P. Barnum, Administratrix, etc. v. William H. Stone and another.

*Money had and received: Evidence: Conversion: Remedy.* Evidence that defendant has come lawfully into the possession of government bonds, as a gratuitous bailee for plaintiff's intestate, and has delivered the same over without receiving any thing therefor, to a third person who claimed title thereto, will not support a count by the administratrix for money had and received to her use. The appropriate remedy is either trover, or a special action on the case for violation of duty as agents or bailees.

*Practice in supreme court.* Where, upon the whole case, it appears that the plaintiff is not entitled to recover, the judgment against him will not be disturbed for errors in the rulings of the trial court.

*Declaration: Money had and received: Evidence: Administrators.* Under a declaration in assumpsit for money had and received, which describes the plaintiff as administratrix, etc., but sets forth an indebtedness and promise to the plaintiff only, precisely as if she were suing in her individual character, it seems that no recovery can be had for money received to the use of the decedent during his life-time.—Per GRAVES, J.

*Heard April 18.    Decided July 11.*

Error to Lenawee Circuit.

*A. L. Millard,* for plaintiff in error.

*Eldredge & Walker* and *A. Howell,* for defendant in error.

GRAVES, J.

The plaintiff in error having prosecuted unsuccessfully as plaintiff in the court below, has brought her case here on writ of error and bill of exceptions, and she asks a reversal of the judgment against her, upon several grounds stated in the record.

Whatever opinion may be formed of the merits of particular objections, and among them, the objection to the ruling touching the challenge of the juror, it is certain that the judgment below ought not to be disturbed if it appears upon the whole case that the plaintiff was not entitled to recover. And an examination has led to the conclusion that she was not, and that the result reached in the circuit court was such as the law required.

The plaintiff's intestate, Royal Barnum, died on the fifth of February, 1866, and this suit was commenced a few days less than six years afterwards.   The action was assumpsit, and was commenced by declaration, which contained only the common counts.

It began as follows: "Mary P. Barnum, administratrix upon the estate of Royal Barnum, deceased, plaintiff in this suit, by Geddes & Miller, her attorneys, comes and files this declaration as commencement of suit and complains of William H. Stone and Langford G. Berry, defendants herein, of a plea of trespass on the case upon promises: for that whereas the defendants on the 22d day of January, 1872, were indebted to the plaintiff in the sum of ten thousand dollars," etc.

The counts were in the usual brief form, and the conclusion was in the following terms: "And whereas the said defendants afterwards, and on the day and year aforesaid, in consideration of the promises respectively, there promised the plaintiff to pay the said several sums of money respectively, on request; yet the said defendants have disregarded their said premises and undertakings and have not paid any of the said sums of money above demanded, or any part thereof; to the plaintiff's damage of ten thousand dollars, and therefore she brings suit," etc.

There was no allegation of an indebtedness or promise to Mrs. Barnum in her character of administratrix, neither was there any count upon an indebtedness and promise to the intestate.   Aside from the terms of addition in the commencement, there was nothing in the declaration to indicate that Mrs. Barnum held the office of administratrix, or was prosecuting in any other than her individual character.

The addition in the commencement merely sufficed to describe the plaintiff, and in no manner served to affect the substance of the pleading or the essential rights of the parties.   The declaration legally imported an action prosecuted in her individual character, and the several counts

were to be construed as alleging causes of action which had accrued to her in such character.—*Merritt v. Seaman, 2 Selden, 168,* and authorities cited; *Barnes v. Modisett, 3 Blackf., 253.*

No recovery was sought except upon the count for money had and received, and all the evidence for the plaintiff was adduced to support that count.   Now it was competent for Mrs. Barnum to sue, either in her individual or in her representative character, for money had and received after the death of the intestate for the use of the estate, but in order to recover for money received in the life-time of the intestate she was required to sue in her representative character, and to allege that it was received to the use of the intestate.—*Mowry v. Adams, 14 Mass., 327; Pennell v. Aston, 14 M. & W., 415; Fry v. Evans, 8 Wend., 530; Merritt v. Seaman, before cited.*

As a consequence, then, of the character ascribed to the cause of action by the declaration, the plaintiff was required to show in order to recover, that the defendants, subsequent to her husband's death, received money to her use; but no evidence tending to prove any thing of that kind was offered in support of the action.   The whole evidence as to the receipt by the defendants of any money in controversy, related to transactions between the defendants and the intestate; and even the bill of particulars furnished by the plaintiff, confined the claim for money had and received, to items deposited by the intestate with defendants.

Upon this state of things I think the plaintiff was not entitled to a verdict, and ought not to prevail on this writ of error.   But passing this view, which is presented as my own only, the case may be considered on another ground, which the court deem decisive against the plaintiff.   The substantial subject of dispute as indicated by the course of the evidence and the controversies of counsel, appears to have been the government bonds purchased by the defendants and handed over by them to the insurance company. These bonds were bought just before Mr. Barnum's death,

and were delivered over to the company just after that event. There is no question whatever but that they were bought by direction of Mr. Barnum, and against credits standing nominally in his name at the defendants' bank. Neither is there any question but that they went rightly into the hands of the defendants when sent from Chicago.

It is entirely clear that they were obtained as something other and in the place of cash, and went into defendants' custody with Mr. Barnum's sanction. Their reception and possession, then, when the defendants got them, afforded no ground of action. If any actionable grievance arose, it must have been something subsequent and different. The insurance company claimed the bonds as their property, and the defendants, believing the claim to be well founded, simply handed them over to the company, and soon afterwards informed the plaintiff. The defendants neither negotiated the bonds nor used them in any way. The title to them was unchanged. The actual custody was shifted to the company on their claim of ownership. The plaintiff now insists that the bonds belonged to the estate, and that defendants are liable for their value as for money had and received to her use. Admitting that the bonds belonged to the estate when they were handed to the insurance company, and that defendants were not warranted in handing them over, will the facts support a count for money had and received to the plaintiff's use?

To allow a recovery in that form upon such a state of facts would, it seems to me, result in confounding all recognized distinctions. The defendants, upon the assumed facts, were liable in damages for the conversion of the bonds, or for violation of duty as agents or bailees. There was nothing however on which to base assumpsit for money had and received to the use of the plaintiff.—*Hatten v. Robinson, 4 Blackf., 479.*

The defendants neither transferred nor assumed to transfer any title or interest. They neither obtained nor bargained for any gain or advantage. They neither exercised

nor pretended to exercise any proprietary right or authority in or over the papers. They simply yielded to the claim of ownership asserted by the insurance company, and allowed that company to assume the custody; and it is argued, in substance and effect, though not in terms, that this fact, which prevented a delivery to the plaintiff on request, amounted to a conversion which may be waived, while the transaction will still suffice to support this form of action for the value of the bonds. But this reasoning I think conveys its own refutation. The action for money had and received, upon this theory of waiving the acts of misfeasance, impliedly adopts these acts and affirms the handing over of the bonds, and imputes to the defendants, as a consequence of such acts, the receipt of the value of the papers, and then bases the assumpsit or promise on the supposed receipt of such value.—*Lamine v. Dorrell, 2 Lord Ray., 1216.* Now if the action is to be taken as affirming the passing of the bonds to the insurance company, no basis of fact is left to support it. Upon that construction the handing over of the bonds is made to be the act of the plaintiff, and as it was barren of any pecuniary results to the defendants, there was no ulterior consequence to give rise to the alleged assumpsit. The actual facts leave no room for fictions or presumptions.

When considered in its real character, the case resolves itself into a complaint against defendants as gratuitous bailees of the bonds in question, in order, *first,* to try the title to them, as between the insurance company and the estate, and in the event of making out title to them in the estate, then, *second,* to found a right of recovery for their value against the defendants, upon their misconduct as bailees in shifting the custody of the bonds to the company. Upon the. conceded circumstances the action for money had and received was not the appropriate remedy.

The true state of facts as to the change of possession from the defendants to the insurance company, was never from the first in dispute or doubt, and whatever right of

action resulted, whether in trover or a special action on the case, it was one for damages grounded on the improper conduct of the defendants as bailees of the specific securities. Some of the admitted circumstances are inconsistent with the action for money had and received, and some which are wanting would be essential to it.—*Parry v. Roberts, 3 A. & E., 118; Chauncy v. Yeaton, 1 N. H., 151, 155; Whitwell v. Vincent, 4 Pick., 449; Shepard v. Palmer, 6 Conn., 95.*

There are further grounds of objection to a recovery, but it is not needful to examine them. I think the judgment should be affirmed, with costs.

The other Justices concurred.