DUMAS *v.* HAMPTON.

A town may be liable, under Gen. St., *c.* 69, for damage, caused by a defective highway, to one of a span of horses turned loose and driven along the same.

If the horse when injured was bailed for a given time, on condition that the bailee should return it fifty pounds heavier or pay $150, the action may be maintained by the bailee in the name of the bailor, although the bailee, before it was commenced, became the party in interest.

Whether the highway was insufficient, and whether the injury was occasioned thereby, no want of ordinary care on the part of the plaintiff contributing thereto, are questions for the jury, and evidence of the manner of driving the horse is competent.

Questions of discretion, not specially reserved, will not be revised.

CASE, for an injury to the plaintiff's horse, occasioned by a defect in a highway, while bailed to and driven by one DeLancey. Other material facts appear in the opinion of the court. Verdict for the plaintiff, and the defendants moved for a new trial.

*Lamprey* and *Marston,* for the plaintiff.

*Hatch,* for the defendants.

BINGHAM, J.   The horse was bailed to DeLancey, to be used for his keeping till the next June after the injury.   If the bailee did not return the horse fifty pounds heavier than when he received him, he was to pay the plaintiff $150 for him.   After the injury, the bailee paid the $150, and, with the plaintiff's consent, brings and prosecutes this action, for his benefit, in the plaintiff's name.   The defendants excepted to the refusal of the court to order a nonsuit.

The general property in the horse was in the plaintiff at the time he was injured.   *Sargent* v. *Gile,* 8 N. H. 325 ; *Young* v. *Woodward,* 44 N. H. 250, 252 ; *Bailey* v. *Colby,* 34 N. H. 29 ; *Moore* v. *Holland,* 39 Me. 307.

The fact that DeLancey, after the horse was injured, paid for him, and is now the plaintiff in interest, does not bar the right to maintain the action in the plaintiff's name.   *Rindge* v. *Coleraine,* 11 Gray 157.   DeLancey, on the day of the accident, had been at work away from home, drawing lumber, with four horses, on a wagon.   At night he fastened up the harness of the plaintiff's horse and his mate, and let them loose on the road to go home, following a few feet behind driving the other span in a light wagon.   The night was dark and stormy.   The plaintiff's horse stepped from the end of a culvert, and broke his leg.   The defendants claimed that the horses turned loose were not a part of DeLancey's team, within Gen. St., *c.* 69, *s.* 1, and

excepted to the refusal of the court to order a nonsuit for this cause. The nonsuit was properly denied. The case is clearly within that of *Elliott* v. *Lisbon*, 57 N. H. 27.

The defendants also excepted to the ruling of the court, that the fact of the horse being turned loose was to be considered by the jury on the question of DeLancey's care ; and that if the horse's leg was broken by the fault of the town in allowing the road to be defective, with no want of ordinary care on DeLancey's part, the plaintiff could recover. Having held that the defendants may be liable for the damage done to the plaintiff's horse if occasioned by the insufficiency of the highway, the questions of its sufficiency, the care of the driver, and whether the injury was caused by the insufficiency of the way, no want of ordinary care on the part of the driver contributing thereto, are for the jury, under the well settled law of this state—*Carlton* v. *Bath*, 22 N. H. 559, 563, *Stark* v. *Lancaster*, 57 N. H. 88, *Palmer* v. *Portsmouth*, 43 N. H. 265 ; and the evidence in regard to the way in which the horse was driven was competent on the question of the care of the driver.

The defendants objected, that evidence of repairs on the culvert two years after the accident was too remote. It was a question of discretion, not specially reserved, and it will not be revised.

*Judgment on the verdict.*

DOE, C. J., did not sit.