CHARLES C. MERRITT AND ROBERT D. MERRITT, EXECU-
TORS, ETC., v. ARTHUR B. KEELER, IMPLEADED
WITH BYRON E. MERRITT.

*Pleading—Declaration—Action by executors.*

In a suit by executors, the declaration must aver the promise to have been made to their testator in his life-time to admit proof of that fact. *Barnum v. Stone,* 27 Mich. 332.

Error to St. Joseph.   (Loveridge, J.)   Argued April 12, 1889.   Decided June 21, 1889.

Assumpsit by executors.   Defendant Keeler brings error. Reversed.   The facts are stated in the opinion.

*Howell, Carr & Barnard,* for appellant.

*F. W. Knowlen* and *Dallas Boudeman,* for plaintiffs.

CHAMPLIN, J.   Suit was commenced by summons by plaintiffs against Arthur B. Keeler and Byron E. Merritt;

and afterwards a declaration was filed in the cause, in which the plaintiffs styled themselves—

"As executors of the last will and testament of William R. Merritt, deceas.d."

It contained only the common counts in assumpsit, in which the promises are alleged to have been made to the plaintiffs.

A bill of particulars was filed containing several items, without stating any year. The first item reads as follows:

"March 8.    To collection money, Geo. Mathias note, $5.00."

The other items are the same, except as to date and person, and except that opposite some of them, instead of "note," the abbreviation "acct." is placed. There are also two items for rent of store.

On the trial the plaintiffs were permitted, against the objection of counsel for defendant Keeler (the other defendant making no defense), to prove that the defendants were copartners, and had collected money for the plaintiffs' testator during his life-time, and used the same in their business, and this action was brought to recover the amount, besides some rent due from the partnership to the plaintiffs' testator during his life-time. No proof was introduced, or claim made, that defendants had ever promised to pay the executors after their appointment.

The declaration, as drawn, will not permit evidence of a promise express or implied, made to the testator in his life-time, as a ground of recovery.

It was competent for the plaintiffs to sue in their representative character, as they have done, but they must allege the promise to have been made to the testator in his life-time to admit proof of that fact. *Barnum v. Stone*, 27 Mich. 332.

As this disposes of the case as the declaration now stands,

it will not be necessary to notice the several other grounds of error alleged.

The judgment must be reversed, and a new trial granted, with costs of both courts.

The other Justices concurred.