## JOHN H. POWELL v. THOMAS H. B. WILLIAMS.

*Assignment for benefit of creditors—Pleading—Assumpsit*

An assignee for the benefit of creditors, who sues to recover for goods sold and delivered by the assignor, should aver in his declaration the indebtedness of the defendant to the assignor for the goods, and the assignment of the claim by the assignor to the plaintiff.

Error to Wayne. (Reilly, J.) Submitted on briefs January 4, 1894. Decided February 12, 1894.

*Assumpsit.*   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*Frank T. Lodge,* for appellant.

*John H. Powell (J. T. Keena,* of counsel), for plaintiff.

HOOKER, J.   The plaintiff brought an action to recover the price of certain lumber sold to the defendant by William C. Ross, basing his right to recover upon an assignment for the benefit of creditors made by Ross to him.   The following is what the record shows about the pleadings:

"*Declaration:*   *Assumpsit* on the common counts, each count stating a cause of action in favor of the plaintiff, 'John H. Powell, assignee,' and against the defendant, the name of William C. Ross being nowhere mentioned in the declaration.

"*Amended Declaration:*   At a former trial of the case the declaration was twice amended, as appears in the testimony of William C. Ross, *infra.*   For convenience the amendments are here repeated.

" The first amendment added the words:

" 'John H. Powell, assignee of William C. Ross, who has made an assignment in favor of his creditors, for and in behalf of said creditors, plaintiff herein.'

" Upon suggestion of the court, the date of the assignment, March 12, 1891, was also added.

" The third amendment added the words:

" 'And who is now the owner and possessor of all claims and demands against the defendant herein named.'

" The foregoing are all the amendments to the declaration, which still remained in the common counts in the name of Powell as plaintiff.

" Plea, general issue."

The testimony tended to show the sale of lumber by Ross to defendant, and the balance due thereon, and also the assignment for the benefit of creditors from Ross to plaintiff.   All testimony was taken under objection and

exception, and the court was requested to take the case from the jury on the ground of a variance.

This declaration nowhere alleges that Williams, the defendant, was indebted to Ross, or that he was being sued for any such claim. It distinctly states that the goods were sold and delivered by the plaintiff. The amendments do not help it in this particular, for they merely state that plaintiff is the assignee of Ross by assignment dated March 12, 1891, and that he is now the owner and possessor of all claims and demands against the defendant. Had it alleged that the defendant was indebted to Ross for goods sold and delivered by him (Ross) to the defendant, and that the claim of said Ross had been by him assigned to the plaintiff, it would have correctly stated the facts which the plaintiff appears to have been trying to prove. *Peirce v. Closterhouse,* 96 Mich. 124, and cases cited. See, also, *Barnum v. Stone,* 27 Mich. 332.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.