HARRISON ROBINSON v. SANFORD H. WATSON AND GERBERT VEENSTRA.

*Pleading—Assumpsit by assignee—Averment of promise.*

Where a declaration in a suit by one partner on an account for goods sold and delivered to the defendants by the firm, which has been assigned to him by his copartner, avers the sale and delivery of the goods, the assignment of the account, the promise of the defendants to the firm to pay the account, and their failure to pay as agreed either the firm or the plaintiff, a demurrer on the ground that the declaration should have averred a promise by the defendants to pay the plaintiff cannot be sustained.[1]

Error to Muskegon. (Russell, J.) Submitted on briefs June 26, 1894. Decided July 10, 1894.

---

[1] For cases bearing upon the question of the sufficiency of the declaration in a suit by an assignee of a chose in action under How. Stat. § 7344, see *Morrill v. Bissell,* 99 Mich. 410, 411, and note.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Brown & Lovelace,* for appellant.

*Nelson DeLong,* for defendant Watson.

MONTGOMERY, J. The plaintiff declared on the common counts for goods sold and delivered, etc.; to defendants by plaintiff and one Omer Robinson, averring an assignment by Omer Robinson to plaintiff, and a promise to Omer Robinson and plaintiff by defendants. The declaration did not aver a promise by defendants to plaintiff, but did set out the failure of defendants to pay as agreed either the original owners of the claim or the plaintiff. This declaration was demurred to, on the ground that it should have averred a promise by defendants to pay *plaintiff.*

The declaration was good in form and substance. The English bankruptcy statute (6 Geo. IV. chap. 16, § 63) provided that the assignee in bankruptcy should be entitled to recover all debts due to the bankrupt in his own name, the provision of the statute being, in this respect, the same as that contained in our statute (How. Stat. § 7344). Under this statute, the precedents contain an averment of a promise to the bankrupt, but none of a promise to the assignee. See form in 2 Chit. Pl. *98. See, also, *Powell v. Williams,* 99 Mich. 30. The plaintiff, on the trial, would not be bound to prove the promise to himself if he was able to prove an express or implied promise to his assignor, and there is no propriety in holding a declaration insufficient which avers every fact material to be established in order to entitle plaintiff to recover.

The judgment will be reversed, with costs, and the case remanded for further proceedings.

The other Justices concurred.