## HUGH PARKER v. WILLIAM FIELDS.

*Ditches—Injuries to lands.*

A man obtained permission from the overseer of highways to clear out a certain ditch "if it would benefit the road." *Held*, that his brother could not maintain an action against the overseer for injuries done his premises by the improvement.

Error to Shiawassee.    Submitted April 13.    Decided April 25.

CASE.    Plaintiff brings error.    Affirmed.

*A. R. McBride* for appellant.

*Hugh McCurdy* for appellee.

GRAVES, C. J.    The plaintiff sued Fields before a justice and declared in " an action of trespass on the case, for digging a ditch and diverting water from its natural course, thereby carrying it on the premises of the plaintiff and depriving plaintiff of the use of his land, destroying his crops growing there, and making great trouble in carrying the water away, to his damage $100."

The cause was appealed to the circuit court and a hearing being had before a jury a verdict was returned in favor of the defendant and the plaintiff brought error.  The record is quite imperfect, the bill of exceptions referring to several exhibits which are not returned, but the defect does not appear to be important.

We shall not examine the charges of error.  Unless the plaintiff had a cause of action he was not prejudiced, and the evidence shows that he had not.  For many years a shallow ditch had existed by the side of the highway, which had been treated by the plaintiff, while acting as overseer of highways, and by the public generally, as a proper drain for the benefit of the road, and the defendant being overseer of highways the plaintiff's brother called on him and asked per-

mission to clear out this ditch and the defendant thereupon told him he might do so if it would benefit the road. The defendant was then absent and the plaintiff's brother proceeded to clean out the ditch and the defendant's connection with what was done went no further than his consent as here stated.

There is strong reason for belief that whatever change was in fact made in the ditch was wholly justifiable on public reasons and that the plaintiff had no ground for legal complaint. But if the act went too far and trenched injuriously on the plaintiff's interests the defendant was not in fault. The wrong, if any, was in his brother's abuse of the permission given to him. The facts all support that view.

The judgment is affirmed with costs.

The other Justices concurred.