PRATT v. WICKHAM.

1. EXCHANGE OF PROPERTY—PASSING OF TITLE.

Title to the property of one of the parties to a contract of exchange may pass before he has acquired title to that for which it is exchanged.

2. SAME—QUESTION FOR JURY.

Where defendant agreed to exchange a bull owned by him for a buggy owned by plaintiff and a harness which plaintiff was to procure, and it was agreed that the buggy should be repaired and painted by plaintiff, and, with the harness, left at a certain village, where defendant was to obtain them, and, on the day of the agreement, plaintiff changed the bull to a stag, and was to get it as soon as it should recover, a finding that the title to the bull passed to plaintiff on the day of the agreement was justified.

3. WITNESSES—CREDIBILITY—CROSS-EXAMINATION.

In replevin, it was not error to permit defendant, on cross-examination, to be asked whether he had not pleaded guilty to stealing a grindstone from another, for the purpose of affecting his credibility.

4. EXCHANGE OF PROPERTY—PASSING OF TITLE—INSTRUCTIONS.

In replevin for a bull which plaintiff was to receive on an exchange of property with defendant, the court, having charged that if it was the intention of the parties, at the date of the agreement, that title should pass to plaintiff, then

plaintiff was entitled to recover, but that, if such was not their intention, the verdict should be for defendant, further instructed that if the bull was turned over to plaintiff, who then and there changed him from a bull to a stag, that would be "strong evidence" of a change of title, and, if there was a change of title, plaintiff was entitled to recover. *Held,* that the latter instruction implied that the turning over to plaintiff was with intent to pass title, and, so construed, was not erroneous.

Error to Leelanaw; Mayne, J. Submitted April 9, 1903. (Docket No. 14.) Decided May 29, 1903.

Replevin by William H. Pratt against Willard H. Wickham. From a judgment for plaintiff, defendant brings error. Affirmed.

*W. H. Foster,* for appellant.

*Archie F. Bunting,* for appellee.

CARPENTER, J. Plaintiff commenced this suit in replevin in justice's court for a stag valued at $30. He prevailed in that court and in the circuit court, to which defendant appealed. The testimony of the plaintiff tended to prove that June 12, 1901, at defendant's farm, he and defendant agreed upon an exchange of property. The defendant agreed to exchange a bull owned by him for a buggy owned by plaintiff and a harness which plaintiff was to procure. The buggy was to be repaired and painted by plaintiff, and the harness was to be secondhand, and worth $6. The buggy and harness were to be left in the village of Empire, Leelanaw county, where defendant was to obtain them. At the time the contract of exchange was made, plaintiff changed the bull to a stag, and it was arranged that he should come and get the animal as soon as he was better. The plaintiff repaired the buggy, bought the harness, and left them in the village of Empire, as agreed. He notified the defendant of his action, and demanded the stag, and, on defendant's refusal to comply with his demand, brought this suit.

Defendant contended in the court below, and does here, that, under plaintiff's testimony, the court should have instructed the jury to render a verdict for the defendant, on the ground that the title to the stag did not pass to the plaintiff. Defendant argues that the title to the stag did not pass because the title to the buggy and harness to be transferred in exchange did not pass. Conceding that the title to the buggy and harness never passed to defendant, it by no means follows that the title to the stag did not pass to the plaintiff. It is well settled that, in case of a sale, title may pass though the purchase price is not paid. See 1 Mechem, Sales, §§ 493–495. So, in case of exchange, title to the property of one of the contracting parties may pass before he acquires title to the property for which it is exchanged. *Mitchell* v. *Gile*, 12 N. H. 390. The testimony in this suit warranted the jury in finding that plaintiff acquired title to the stag June 12, 1901.

When the defendant was being cross-examined by plaintiff's counsel, the following occurred:

"*Q.* Did you ever plead guilty * * * of stealing the Empire Lumber Company's grindstone? (Objected to as immaterial. Overruled. Exception.)

"*A.* Yes, sir."

Defendant's counsel seriously contends that this ruling was erroneous. The testimony was clearly admissible for the purpose of affecting the credibility of defendant. *Clemens* v. *Conrad*, 19 Mich. 170; *Wilbur* v. *Flood*, 16 Mich. 40 (93 Am. Dec. 203); *Dickinson* v. *Dustin*, 21 Mich., at page 565.

In his charge to the jury, the court said:

"And in order that the title to this animal should pass from the defendant to the plaintiff, it is necessary for you to find that the parties so intended on the 12th day of June. If the parties at that time intended that from that time the bull was to be the property of the plaintiff, then the plaintiff is entitled to recover in this action. If, on the other hand, they did not, and the minds of the parties did not meet, and it was not the intention of the parties

that the title should pass and that the plaintiff should have possession of the bull after that time, then your verdict should be for the defendant, of no cause of action. If you should find that the bull was turned over by the defendant to the plaintiff, that the plaintiff then and there went on and changed him from a bull to a stag, that would be strong evidence of the fact that the minds of the parties had met at that time, and that there was a change of title; and, if there was a change of title, then the plaintiff must recover in this cause."

Complaint is made of the last sentence, upon the ground that the court should not have instructed the jury what constituted strong evidence. In the connection in which this language was used, defendant's rights were in no manner prejudiced. It would have been proper for the court to charge the jury that, if the defendant turned the bull over to the plaintiff with the intent to pass the title, the title did pass; and we think, in the language complained of, it is implied that the turning over by defendant to plaintiff was with intent to pass the title.

The judgment of the court below should be affirmed.

The other Justices concurred.