### VAN GOOSEN *v.* BARLUM.

1. EVIDENCE—PERSONAL INJURIES — NEGLIGENCE — TESTIMONY OF DISABILITY ADMISSIBLE.

   In an action for personal injuries alleged to have been caused by defendant's automobile while plaintiff was crossing a public street, the admission of plaintiff's testimony concerning his disability, *held*, not reversible error.

2. WITNESSES—USE OF BANK BOOK AS MEMORANDUM PERMISSIBLE.

   Upon the question of plaintiff's earning power previous to the injury complained of, it was proper to allow him, as a witness in his own behalf, to refresh his recollection as to such earnings from the entries in his bank book.

3. SAME—CROSS-EXAMINATION—PREVIOUS ARREST AND CONVICTION AS AFFECTING CREDIBILITY.

   Where defendant, in an action for personal injuries caused by his automobile, took the stand in his own behalf, he was properly questioned as to the number of times he had been arrested and convicted, since the same had a bearing on his credibility and the weight to be given his testimony by the jury.

4. NEGLIGENCE—EVIDENCE—DECLARATION—ORDINANCES—STATUTES.

   Where the declaration in a personal injury case alleged

On excessiveness of damages in actions for personal injuries other than death, see comprehensive note in L. R. A. 1915F, 30.

violation, of the city traffic ordinance, it was not error for plaintiff's counsel to read said ordinance to the jury; nor was error committed by the court in its charge in referring to the State automobile law, since it bore on one of the grounds of negligence, namely, the failure of defendant to sound his horn when approaching a pedestrian on the highway.

5. APPEAL AND ERROR—FAILURE TO POINT OUT ERRONEOUS CONDUCT OF COURT.
    Complaints of defendant that the court stressed plaintiff's claims will not be considered where specific instances are not pointed out, and an examination of the record fails to disclose them.

6. DAMAGES—EXCESSIVE DAMAGES.
    Where plaintiff was incapacitated by reason of the injuries complained of for nearly a year for any labor, and up to the time of the trial labored under difficulties, together with the pain and suffering endured, a verdict for $3,750 cannot be said to be excessive.

7. NEGLIGENCE—PERSONAL INJURIES—EVIDENCE—SUFFICIENCY.
    Evidence as to the identity of the driver of the automobile that struck plaintiff, and as to the extent of his injuries and damages, although controverted, *held*, sufficient to sustain a verdict for plaintiff.

Error to Wayne; Marschner (Adolph F.), J. Submitted April 8, 1921. (Docket No. 58.) Decided June 6, 1921.

Case by Henry Van Goosen against Lewis T. Barlum for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Vandeveer & Foster,* for appellant.

*Benedict H. Lee,* for appellee.

BIRD, J. While plaintiff was attempting to cross on foot from the east side of Woodward avenue to the west side at Sproat street in the city of Detroit

he claims he was run into by defendant's automobile, thrown to the pavement and seriously injured. It is the claim of plaintiff that at the moment he was struck he was standing between the rails of the west track on Woodward avenue looking westward waiting for some south-bound automobiles to pass; that defendant was traveling north on the east side of Woodward avenue; that before reaching him he swerved his automobile to the west for some purpose unknown to plaintiff and collided with him; and that he was later picked up by the occupants of the car while unconscious and driven toward a hospital, but later he became conscious and gave the driver his home address, and he was taken to the Brookins hotel on Sproat street, where he resided.

Plaintiff complains of defendant that he was guilty of negligence because he did not drive his car with reasonable care and caution; because he drove his car in violation of the traffic ordinance, on the west side of the highway, whereas he should have kept on the east side thereof; because no warning was given of his approach, as is required by the statute; and because of excessive speed.

Defendant admits that it was he and his two companions who picked plaintiff up and took him to his hotel, but he denies that it was his machine that collided with plaintiff. His claim is that he came along in his Cadillac car with two companions; that they saw plaintiff lying on the pavement; and that he stopped his car and he and his companions lifted him into the car and took him home.

The principal issue in the case was one of identification, whether defendant was driving the car which ran into him. The matter was submitted to the jury and they determined the question in favor of plaintiff's contention and awarded him a judgment of $3,750.

The defendant assigns the following errors:

"(1) Briefly, the defendant claims that the court erred in permitting the plaintiff to testify in a haphazard way as to the length of his period of disability.

"(2) That the court erred in permitting the plaintiff to testify as to the state of his finances and the receiving in evidence of a savings bank account book.

"(3) The court erred in permitting counsel for plaintiff to make inquiries as to whether or not defendant had been arrested for a misdemeanor.

"(4) The court erred in permitting counsel to read ordinances of the city of Detroit to the jury, same being irrelevant to the issues involved.

"(5) The court erred in charging the jury to take into consideration sections of the motor vehicle law of the State of Michigan which were irrelevant to the issue.

"(6) The court erred in stressing the plaintiff's claims.

"(7) The court erred in refusing to grant defendant's request for a new trial because the verdict was against the weight of the evidence; and further erred in his failure to reduce the amount of damages because the same was excessive and because both the verdict and the size of the same was rendered because of bias and prejudice."

1 and 2. We have read the testimony given by plaintiff concerning his disability and we are not impressed that there was any reversible error in admitting it. The court permitted plaintiff, while a witness, to use his bank book as a memorandum to refresh his recollection. Some question had arisen concerning his earning power in the past and it was used wholly as affecting that question, and the trial court so stated to the jury when he made the ruling. What plaintiff had been able to earn in the past was admissible and we see no impropriety in allowing the witness to refresh his recollection as to those earnings from the entries in his bank book.

3. Defendant, while on the witness stand, was interrogated as to the number of times he had been arrested and convicted. This is complained of as error. Defendant was asking the jury to believe his version of the accident. In determining the weight to be given to his testimony they had a right to know what manner of man he had been in the past. These questions had a tendency to elicit the information and were proper. *Leland* v. *Kauth*, 47 Mich. 508; *Pratt* v. *Wickham*, 133 Mich. 356; *Lunde* v. *Railway*, 177 Mich. 374; *People* v. *Cutler*, 197 Mich. 6; *People* v. *LaLonde*, 197 Mich. 76.

4 and 5. No error was committed in permitting counsel to read the city traffic ordinance to the jury. The declaration alleged that the movements of defendant were in violation thereof. Neither was error committed by the court in its charge in referring to the State automobile law, as it bore on one of the grounds of negligence, namely, the failure of defendant to sound his horn when approaching one walking in the highway.

6. Considerable is said in defendant's brief about the court stressing plaintiff's claims, and several cases are cited bearing on that practice. The difficulty about applying the rule in this case is that counsel has not called our attention specifically to any of these instances and an examination of the record does not disclose them.

7. Complaint is made because the trial court refused a new trial on the ground that the verdict was excessive and was against the weight of the evidence. The testimony shows that plaintiff was incapacitated by reason of the injury for nearly a year from doing any labor, and afterwards and up to the time of the trial he had labored under difficulties. If, to the loss of time, we add the pain and suffering endured by him on account of his injuries, we cannot say that the

verdict was excessive within the meaning of the law.

The weight of the testimony was clearly one for the jury. The issue was a simple one. The question of identification of the person who drove the car that struck plaintiff and the question of the extent of his injuries and damages were the only questions involved. The defendant, as has been stated, testified that his car was not in collision with the plaintiff. He was corroborated by his two companions. On the other hand, a man engaged in the insurance business happened to be close by and saw the accident and noticed the number of the license on the car and jotted it down in his book. It was conceded that number was defendant's. This witness appeared to have no interest whatever in the controversy, and, so far as the record shows, was reliable. The jury heard these men testify and took into consideration the interest which each had in the controversy. After doing so they rendered their verdict, and we feel it ought not to be disturbed.

The judgment will be affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.