ZIMMERMAN v. GOLDBERG.

1. WITNESSES—CROSS-EXAMINATION AS TO MISDEMEANOR—DISCRETION OF COURT—CREDIBILITY.
    Notwithstanding statute providing that conviction of crime may be shown for purpose of drawing in question the credibility of a witness, it is within the discretion of the trial judge to permit a witness to be cross-examined as to his having been convicted of a misdemeanor (3 Comp. Laws 1929, § 14217).

2. TRIAL—AUTOMOBILES—RECKLESS DRIVING—CROSS-EXAMINATION.
    In guest passenger's action against host motorist for injuries sustained when car collided with center support of overhead viaduct, exclusion of cross-examination or striking out testimony as to defendant's conviction of misdemeanor of reckless driving arising out of same accident held, error.

3. NEW TRIAL—AUTOMOBILES—GUEST PASSENGERS—ERRONEOUS EX-
   CLUSION OF TESTIMONY.

   In guest passenger's action against host motorist for injuries
   sustained when car collided with center support of overhead
   viaduct, plaintiff who failed to show gross negligence or wilful
   and wanton misconduct *held,* not entitled to a new trial because
   of error in striking from the record and excluding all evidence
   relating to conviction of defendant for reckless driving arising
   out of same accident (1 Comp. Laws 1929, § 4648).

4. APPEAL AND ERROR—REVERSIBLE ERROR.

   Where, upon the whole case, it appears plaintiff is not entitled to
   recover, judgment against him will not be disturbed for errors
   in the rulings of the court, since error, to be reversible, must be
   prejudicial.

Appeal from Wayne; Campbell (Allan), J.  Sub-
mitted June 3, 1936.  (Docket No. 34, Calendar No.
38,985.)  Decided September 2, 1936.

Case by Oswald A. Zimmerman against Louis
Goldberg for personal injuries sustained while a
guest passenger in defendant's car.  Verdict and
judgment for defendant.  Plaintiff appeals.  Af-
firmed.

*Sol Blumrosen,* for plaintiff.

*Mason, Davidson & Mansfield,* for defendant.

NORTH, C. J.  Plaintiff was a guest passenger in
an automobile owned and operated by the defendant,
and while so riding in the automobile it collided with
a center support under the railroad viaduct crossing
Warren avenue just west of Grand River avenue in
the city of Detroit.  Plaintiff suffered severe in-
juries in the accident and brought this suit to re-
cover.  The jury rendered a verdict for the defend-
ant.  From a judgment entered thereon plaintiff has
appealed.

The first assignment of error discussed in appellant's brief is as follows:

"That the court erred in striking from the record and excluding from the evidence, all reference to the arrest and conviction in the traffic court of the city of Detroit of the defendant, arising out of the accident involved in this suit."

Defendant was a witness in his own behalf. We quote from his cross-examination:

"*Q.* Have you ever been arrested and convicted of crime?

"*A.* I have been arrested and convicted * * * for this accident. * * *

"*Q.* He (the judge before whom defendant was convicted) gave you a $25 fine for reckless driving?

"*A.* $25 and costs.

"*Q.* For reckless driving?

"*A.* That's right."

Notwithstanding the contention of plaintiff's attorney that this testimony was material in that it had a bearing on defendant's credibility, the trial court struck it from the record. Appellant asserts this ruling of the trial court constituted prejudicial error. It is a fair inference from the record that the trial judge was of the opinion that since defendant's conviction was not of a *crime*, but rather a misdemeanor, that therefore the testimony concerning such conviction did not bear materially upon his credibility. The statute which the trial judge had in mind provides in part that "conviction of *crime* may be shown for the purpose of drawing in question the credibility of such witness." 3 Comp. Laws 1929, § 14217. Notwithstanding the statutory provision, it has long been established law in this State that it is within the discretion of a trial judge to permit a witness to be cross-examined as to his having been

convicted of a misdemeanor. *Van Goosen* v. *Barlum,* 214 Mich. 595; *Niedzinski* v. *Coryell,* 215 Mich. 498.

In the instant case it must be borne in mind that the cross-examination of defendant was not one pertaining to a collateral matter and bearing only upon his credibility. Instead it was cross-examination concerning defendant's plea of guilty to a charge of reckless driving arising out of the very accident involved in the principal case. Excluding such cross-examination or striking the testimony from the record was error under the circumstances. Especially is this true since in this case the defendant had testified in his own behalf and his testimony in effect was a denial of reckless driving. As just above indicated, we think it was not within the discretion of the trial judge to limit defendant's cross-examination by striking this testimony from the record; but instead this ruling constituted error which, except for the reason hereinafter indicated, would have been prejudicial and necessitated reversal.

Notwithstanding the error complained of, and others which need not be reviewed, the question of first importance is this: Should plaintiff be denied a new trial, notwithstanding the error committed in the trial court? As noted at the outset of this opinion, plaintiff was a guest passenger in defendant's automobile. He cannot recover unless there is testimony tending to sustain plaintiff's allegation of gross negligence or wilful and wanton misconduct on the part of defendant. 1 Comp. Laws 1929, § 4648. A careful reading of the record fails to disclose testimony of anything other than ordinary negligence on the part of defendant. It follows that plaintiff, under his own showing, is not entitled to recover. Therefore, notwithstanding the erroneous ruling above noted, a new trial should not be granted.

"Where, upon the whole case, it appears that the plaintiff is not entitled to recover, the judgment against him will not be disturbed for errors in the rulings of the trial court." *Barnum* v. *Stone* (syllabus) 27 Mich. 332.

"We shall not examine the charges of error. Unless the plaintiff had a cause of action he was not prejudiced, and the evidence shows that he had not." *Parker* v. *Fields,* 48 Mich. 250.

"It is true that a case should not be reversed for errors committed against a party who, it is apparent, is not entitled to succeed in any event, and where, upon the whole record, he has not made out a case. 3 Cyc. p. 385, and notes; *Barnum* v. *Stone,* 27 Mich. 332; *Richards* v. *Tozer,* 27 Mich. 451; *Bewick* v. *Fletcher,* 41 Mich. 625 (32 Am. Rep. 170); *Louden* v. *East Saginaw,* 41 Mich. 18." *In re Stockdale's Estate,* 157 Mich. 593, 601.

"Unless we are satisfied, after the examination of the entire cause, that it shall appear that the errors complained of have resulted in a miscarriage of justice, it becomes our duty to affirm the judgment of the lower court." *Miskiewicz* v. *Smolenski,* 249 Mich. 63, 70.

"Error to be reversible must be prejudicial. *Sweeney* v. *Adam Groth Co.,* 269 Mich. 436." *Zoski* v. *Gaines,* 271 Mich. 1, 8.

See, also, *Detroit Free Press* v. *Miller,* 223 Mich. 333.

The judgment entered in the circuit court is affirmed, with costs.

Fead, Butzel, Bushnell, Sharpe, and Toy, JJ., concurred with North, C. J.

Wiest, J. concurred in the result.

Potter, J., did not sit.