SOCONY VACUUM OIL CO. v. MARVIN..

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.
   The mere fact that a party in a case arising out of an auto-
   mobile accident was guilty of negligence does not necessarily
   establish that such negligence was a contributing factor to
   the accident and injury.

2. SAME—ILLEGAL CONDUCT—PROXIMATE CAUSE.
   To deprive a party of redress because of his own illegal conduct,
   the illegality must have contributed to the injury.

3. AUTOMOBILES—VIOLATION   OF   STATUTE—SPEED—CONTRIBUTORY
   NEGLIGENCE—QUESTION FOR JURY.
   In action by owner of 40-foot 20-ton tank truck and semitrailer
   which was destroyed by fire following collision with a culvert
   after impact with defendant's car which had "cut in too
   sharply in attempting to pass plaintiff's vehicle,. whether or
   not the negligence of plaintiff's driver in operating vehicle
   at speed of 30 miles an hour in violation of 25-mile-an-hour
   statutory limit was a contributory cause of the accident was
   for the jury (1 Comp. Laws 1929, § 4766, as amended by Act
   No. 330, Pub. Acts 1937).

4. SAME—VIOLATION OF STATUTE—WRONG SIDE OF ROAD—EVIDENCE
   —CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Under conflicting evidence presented, it was a question of fact
   for the jury as to whether or not plaintiff's truck driver was
   guilty of negligence in failing to keep the 40-foot 20-ton tank
   truck and semitrailer on the right side of the road as defend-
   ant's automobile was overtaking and passing same and as to
   whether such negligence, if any, bore any causal relation to
   the accident (1 Comp. Laws 1929, § 4703, as amended by Act
   No. 318, Pub. Acts 1939).

5. SAME—VIOLATION OF STATUTE—PROXIMATE CAUSE—CONTRIBUTORY
   NEGLIGENCE—DIRECTED VERDICT.
   Directed verdict for defendant in automobile accident case was
   properly denied where evidence presented questions for jury

---

Conflicting claims of the parties present question of fact for the
jury as to compliance with standard of conduct; see 2 Restatement,
Torts, § 434, comment c; standard of conduct to which plaintiff must
conform, §§ 283–285, 463, 464; function of jury and causal relation
between negligence and harm, §§ 465, 475, 476; whether plaintiff is
acting in an emergency not created by himself must be taken into
account in determining his contributory negligence, § 470.

as to whether or not plaintiff's truck driver was on the wrong side of the road and, if so, whether or not that was a contributory cause of the accident, and whether or not his negligence in exceeding speed limit was a contributory cause of the accident (1 Comp. Laws 1929, § 4703, as amended by Act No. 318, Pub. Acts 1939; § 4766, as amended by Act No. 330, Pub. Acts 1937).

6. Evidence—Impeachment—Traffic   Summons—Payment   of Fine.

   In action arising out of collision between plaintiff's truck and semitrailer and defendant's overtaking car it was not error to require defendant to testify for purpose of impeachment that he had received a traffic summons and paid a fine and that he understood he was paying a fine especially where he was permitted to, and did, give jury his explanation of why fine was paid.

7. Same—Part of Writing, Document or Conversation—Admission of Remainder—Relevancy—Competency.

   If one party introduces part of a writing, document or conversation, his opponent may prove the contents of the remainder or require the introducer to do so, so far as it bears upon, modifies, or explains the part that was admitted in behalf of the introducer and subject to the limitation that the remainder is relevant to the issues and competent under rules of evidence to prove them.

8. Automobiles—Proximate Cause—Evidence—Insurance—Relevancy of Remainder of Transcript.

   In action arising from collision between plaintiff's truck and semitrailer and defendant's automobile, where plaintiff introduced part of a transcript of a conversation had between plaintiff's investigator and defendant as to how accident had happened, it was not error to exclude remainder of transcript relating to whether or not defendant carried insurance, employment, and mortgage on his home as such matters were irrelevant.

9. Same—Instructions—Signal of Intention to Turn Left.

   In action arising out of collision between defendant's overtaking car and plaintiff's overtaken 40-foot 20-ton truck and semitrailer, the inadvertent inclusion in charge to jury of provision of statute relative to conduct of overtaking driver if overtaken vehicle's driver signalled his intention to turn left *held*, not to constitute prejudicial error likely to have misled jury when charge is construed in its entirety although that portion might well have been omitted as there was no

claim that the plaintiff's driver had given a signal of intention to turn left (1 Comp. Laws 1929, § 4706, as amended by Act No. 318, Pub. Acts 1939).

10. SAME—INSTRUCTIONS—WRONG SIDE OF HIGHWAY—STATUTES—EVIDENCE.

Charge of court pertaining to alleged conduct of plaintiff's driver in permitting his 40-foot 20-ton truck and semitrailer to cross center line of road, which specifically called jury's attention to statutory duty and that a violation thereof would constitute negligence, when read in connection with the charge as a whole was not prejudicial to defendant where record presented question of fact as to whether or not plaintiff's driver violated the statute and whether such violation, if it occurred, constituted negligence causing or contributing to the accident (1 Comp. Laws 1929, § 4703, as amended by Act No. 318, Pub. Acts 1939).

11. DAMAGES—INSTRUCTIONS—FIRE AFTER AUTOMOBILE COLLISION—EVIDENCE.

In action for damages to plaintiff's 40-foot 20-ton tank truck and semitrailer, loaded with gasoline and other petroleum products, which first collided with defendant's overtaking automobile returning to right side of road too quickly, struck a culvert and then burned, where it appears that the greater part of the damage was caused by the fire, it was not error to deny request to charge that if plaintiff's truck driver were negligent in failing to turn off the ignition that the damages to the equipment and cargo due to the fire could not be recovered nor error to refuse to permit the jury to speculate as to the cause of such damage where there was no testimony showing that such damage was due to the ignition having been left on and there was no satisfactory showing as to length of time elapsing between the striking of the culvert and the breaking out of the fire.

12. SAME—MINIMIZATION—BURDEN OF PROOF.

While it is the duty of one who suffers injury by reason of another's negligence, other tort, or breach of contract to minimize the resulting damages, the burden is on the tortfeasor to show that the injured party has not used every reasonable effort within his power so to minimize his damages.

13. SAME—AVOIDABLE CONSEQUENCES—CONTRIBUTORY NEGLIGENCE.

The rule of avoidable consequences is to be distinguished from contributory negligence in that contributory negligence is a bar to the action while the rule of avoidable consequences

merely goes to the reduction of damages caused by defendant.

14. Negligence—Sudden Emergency.

One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.

15. Automobiles—Sudden Emergency—Instructions—Evidence.

In action arising out of automobile collision, wherein the testimony was conflicting as to how and why the accident happened and plaintiff claimed that its truck driver had been faced with an emergency, failure to instruct jury that so-called emergency rule did not apply if the peril was caused in whole or in part by negligence of plaintiff's driver constituted reversible error.

16. Trial—Contributory Negligence—Burden of Proof—Instructions.

In action arising out of an automobile collision wherein court charged correctly that the burden of proving plaintiff's truck driver was free from contributory negligence was upon plaintiff and later charged in such a way as to impose the burden on defendant of proving such driver guilty of contributory negligence, such latter instruction constituted prejudicial error since it cannot be said that the jury which returned verdict for plaintiff did not follow the later and erroneous instruction.

Appeal from Superior Court of the City of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 8, 1946. (Docket No. 4, Calendar No. 43,161.) Decided March 4, 1946.

Case by Socony Vacuum Oil Company, Incorporated, a New York corporation, against Albert J. Marvin for damages to its truck resulting from collision between it and defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*McCobb & Heaney* and *W. D. Gowans* (*Arthur R. Snell*, of counsel), for plaintiff.

*Allaben & Wiarda* (*Craig E. Davids*, of counsel), for defendant.

Carr, J. This case arose out of an accident occurring about 4 o'clock in the afternoon of August 1, 1942, on US-16, in Ottawa county. Immediately prior to said accident plaintiff's truck with semitrailer attached, operated by plaintiff's driver, James Janninga, was proceeding in an easterly direction towards the city of Grand Rapids with a load of gasoline and other petroleum products. The total weight of plaintiff's equipment was approximately 20 tons, and the combined length of truck and trailer was approximately 40 feet. The pavement at the point of the accident was 16 feet in width, and the over-all width of plaintiff's equipment was 8 feet.

The defendant, operating a Plymouth automobile, followed plaintiff's driver for some distance and then undertook to pass. In the course of such attempt defendant's vehicle came in contact with the left front corner of plaintiff's truck. The exact point of impact on the truck is not clearly established by the evidence but it is conceded that the vehicles came together, although the impact was not of great force. Thereupon the truck, with semitrailer attached, left the pavement, proceeded some distance and finally struck a cement culvert on a crossroad with such force as to crack the culvert. It is the claim of plaintiff's driver that, after the impact, he was unable to keep his vehicle on the road, to control its course, or to bring it to a stop. Immediately on the stopping of the truck and semitrailer by the culvert plaintiff's driver jumped out of the cab and ran upon or across the highway. He claims that he

expected an explosion immediately. Observing that there was no fire the driver then undertook to return for the purpose of turning off the ignition. As he was about to do this, fire started in the vicinity of the fuel tank on the truck and he was prevented from accomplishing his purpose. The equipment and load were practically destroyed by the fire.

At the close of the proofs on the trial, defendant moved for a directed verdict, claiming that the evidence had not established negligence on the part of defendant Marvin, and that plaintiff's driver was guilty of contributory negligence as a matter of law. The motion was denied. The jury returned a verdict in favor of plaintiff on which judgment was entered. Thereupon defendant moved for a new trial. This motion was also denied and defendant has appealed.

Plaintiff's driver testified on the trial that immediately prior to the accident he was operating the truck and semitrailer at a speed of approximately 30 miles an hour. He was, therefore, violating the statutory limitation of 25 miles an hour, as prescribed by 1 Comp. Laws 1929, § 4766, as amended by Act No. 253, Pub. Acts 1933, and Act No. 330, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 4766, Stat. Ann. 1945 Cum. Supp. § 9.1643). The trial court submitted to the jury the question of whether such negligence contributed to the accident. Defendant insists this was error and that the motion for directed verdict should have been granted on the theory that plaintiff's driver was guilty of contributory negligence as a matter of law.

It has been repeatedly recognized by this court that the mere fact that a party, in a case arising out of an accident, was guilty of negligence does not necessarily establish that such negligence was a contributing factor to the accident and injury. In *Arvo*

v. *Delta Hardware Co.*, 231 Mich. 488, it was claimed by the defendant that plaintiff could not recover because of failure to comply with the statute requiring a light to be displayed on the left side of the vehicle driven by plaintiff's decedent. The trial court, however, left it to the jury to determine whether there was any " 'causal connection between the statutory violation or the doing or omitting to do the act and the injury.' " In approving such instruction it was stated in the opinion of this court that the instruction merely stated the law. The general rule was quoted from 1 Cooley on Torts (3d Ed.), p. 269, as follows:

" 'The principle is, that to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury.' "

In *Transcontinental Ins. Co. v. Daniels*, 266 Mich. 562, the facts were analogous to those in the case at bar. There plaintiff's truck was driven at a rate of speed in excess of that permitted by statute (1 Comp. Laws 1929, § 4766), and as a result the driver was admittedly guilty of negligence. The trial court held that such negligence did not contribute to the injury and the finding was sustained.

Likewise, in *Losey v. Wetters*, 278 Mich. 422, in commenting on a like situation it was said:

"If we assume that the Dodge truck was traveling at a rate of speed in excess of 30 miles per hour in contravention to 1 Comp. Laws 1929, § 4766, as amended by Act No. 253, Pub. Acts 1933,[*] then we think it presents a question of fact for a jury's determination as to whether or not the excessive speed was the proximate cause of the accident. We cannot say as a matter of law that exceeding the statutory speed in the manner and under the circumstances

---

[*] Stat. Ann. § 9.1643.—REPORTER.

involved in this case was the proximate cause of the accident.''

See, also, *Reid* v. *Coon,* 243 Mich. 37; *Bernstein* v. *Brody,* 256 Mich. 512; *Fitzcharles* v. *Mayer,* 284 Mich. 122 (3 N. C. C. A. [N. S.] 565); *Waling* v. *City of Detroit,* 308 Mich. 163.

The trial court was correct in holding that it was a matter for the jury to determine whether the negligence of plaintiff's driver in exceeding the speed limit contributed to the accident.

The claim is also made that plaintiff's driver failed to keep his equipment on the right side of the center line of the road. Whether he had so failed was, under the conflicting testimony of the witnesses, for the jury to decide. The trial court charged the jury, in substance, that failure to comply with the statute (1 Comp. Laws 1929, § 4703, as amended by Act No. 318, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 4703, Stat. Ann. 1945 Cum. Supp. § 9.1571]) in this regard would constitute negligence. Whether plaintiff's driver was guilty of such negligence, and whether the negligence, if there was such at any time while defendant was undertaking to pass plaintiff's vehicle, bore any causal relation to the accident were properly left to the jury as issues of fact. On the record before us, it cannot be said that plaintiff was guilty of contributory negligence as a matter of law. It follows that the motion for directed verdict was properly denied.

Defendant further claims that he is entitled to reversal of the judgment against him and a new trial because of errors in the admission of evidence and in the charge of the court. On cross-examination of the defendant, and for the purpose of impeaching his testimony, counsel for plaintiff was permitted to inquire, over objections of defendant's counsel, if defendant had been given a traffic summons, in

connection with this accident, to appear before a justice of the peace at Coopersville; and if he had so appeared and paid a fine. Defendant testified as follows:

"I don't remember what day it was. I had a summons to appear on a certain day; I think two or three days after. I appeared that day. I did not plead guilty. I paid a fine of $5 and costs to the justice, but I did not plead guilty. The justice said it was a ticket, the same as any ticket, to pay the fine would be the easiest way out. He said it would not be an admission of guilt. I told the justice I would not pay the fine if it was an admission of guilt. He said it would make no difference with anything in the future; the best way would be to pay and save trouble. I paid it."

The justice before whom defendant appeared was called as a witness and testified to the fact that defendant appeared before him and paid a fine. The justice further testified that defendant was accompanied on the occasion in question by another person and the questions of counsel for defendant on cross-examination indicate that such other person was an attorney from counsel's office.

The claim by counsel for defendant in his brief that the sum of money referred to was deposited with the justice as "bail" is not supported by the record. Clearly, defendant understood that he was paying a fine and on the trial plaintiff was entitled to show such act on the theory that it was inconsistent with the testimony of defendant as to how and why the accident happened. A similar situation was presented in *Zimmerman* v. *Goldberg,* 277 Mich. 134. There defendant testified that he had been convicted and fined for reckless driving, the charge arising out of the accident involved in the suit. Subsequently, the trial court struck out the testimony.

Following comment on the general rule that a witness may be cross-examined as to prior convictions for the purpose of impeaching his credibility, it was said:

"In the instant case it must be borne in mind that the cross-examination of defendant was not one pertaining to a collateral matter and bearing only upon his credibility. Instead it was cross-examination concerning defendant's plea of guilty to a charge of reckless driving arising out of the very accident involved in the principal case. Excluding such cross-examination or striking the testimony from the record was error under the circumstances. Especially is this true since in this case the defendant had testified in his own behalf and his testimony in effect was a denial of reckless driving. As just above indicated, we think it was not within the discretion of the trial judge to limit defendant's cross-examination by striking this testimony from the record; but instead this ruling constituted error which, except for the reason hereinafter indicated, would have been prejudicial and necessitated reversal."

See, also, *Finner* v. *Porath,* 221 Mich. 28; *Leland* v. *Kauth,* 47 Mich. 508. Defendant, of course, had the right to offer to the jury his explanation as to why he paid the fine, and did so. *Schudlich* v. *Yankee,* 272 Mich. 482.

Defendant was also cross-examined with reference to statements claimed to have been made by him to a representative of plaintiff who was investigating the accident. The investigator was accompanied by a court reporter who took down the conversation in shorthand and subsequently prepared a transcript therefrom. For the purpose of impeaching his testimony defendant was questioned on cross-examination with reference to statements made by him in the course of the interview touching the manner in which the accident happened. The court reporter

referred to was then called as a witness and identi-
fied the transcript that he had prepared. Insofar
as it had been read in connection with the examina-
tion of the witness it was then offered in evidence
and received over the general objection of counsel
for defendant as to its competency. Counsel for
plaintiff stated at the time of making the offer that
it did not include certain irrelevant questions and
answers. Defendant now insists that the entire
transcript should have been put in, claiming that if
one party on a trial offers a part of a writing, or a
part of a conversation, the other side is entitled to
have the entire writing or conversation offered for
consideration by the court or jury.

On cross-examination of the investigator for the
plaintiff, counsel for defendant inquired if defend-
ant had stated in the course of the conversation that
he did not carry insurance on his car. This question
was objected to and the objection sustained. De-
fendant claims that he was entitled to show the fact
with reference to such insurance; but the record
does not disclose that counsel sought to prove by
defendant himself that defendant was not insured.
He merely undertook by the cross-examination of
plaintiff's witnesses to show that defendant, prior
to trial, had so stated. The portion of the trans-
cript above referred to, not offered by counsel for
plaintiff, related largely to the same matter. The
omitted portion, as set forth in the record, contains
no reference whatever to the manner in which the
accident happened. It consists solely of questions
and answers to the effect that defendant had no in-
surance; that he was unemployed; and that he had
a mortgage on his home. These matters were wholly
irrelevant to any issue involved in the case. They
did not modify or explain in any way statements by
defendant in that portion of the transcript that was

offered and received.   Under the circumstances it was not the duty of counsel for plaintiff to show the entire conversation between defendant and plaintiff's investigator or to put in evidence the complete transcript of that testimony.   In discussing a similar situation it was said in *Atherton* v. *Defreeze,* 129 Mich. 364:

"Parts of a conversation, having no reference whatever to the issue upon trial, are not admissible under the rule that a party is entitled to the entire conversation.   The rule means only that he is entitled to the entire conversation bearing upon the subject in controversy.   Ten subjects may be talked about in one conversation.   When one of the ten is the subject of litigation, it is not competent to put in evidence the conversation about the other nine.   Defendant's blindness and poverty had nothing to do with the title to the property."

Likewise, in *People* v. *Bowen,* 170 Mich. 129, the court, after discussing the general rule which defendant seeks to invoke, said:

"Of course, parts of the conversation having no reference whatever to the issue upon trial are not admissible under the rule that a party is entitled to the entire conversation.   The rule means only that he is entitled to the entire conversation bearing upon the subject in controversy."

The United States supreme court in *Tappan* v. *Beardsley,* 10 Wall. (77 U. S.) 427, 435 (19 L. Ed. 974), stated the principle of law involved in the following language:

"When one party introduces and reads from such a record that which suits his purpose, the other party may read for his own benefit all that relates to that subject, or require the party introducing the record to do so."

Counsel for defendant quotes a part of section 914, 20 Am. Jur. p. 770. The correct rule is summarized in said paragraph as follows:

"There is no doubt that if one party does introduce part of a writing or document, his opponent may prove the contents of the remainder of the instrument or require his adversary to do so, so far, at least, as it bears upon, modifies, or explains the part that was admitted in behalf of his opponent, and subject to the limitation that such remaining parts are relevant to the issues and competent under rules of evidence to prove them."

In support of his claim that he was entitled to show statements made by defendant to the effect that he was not insured, counsel for defendant cites and relies on *Ward* v. *DeYoung,* 210 Mich. 67. There the fact that defendant carried insurance came out incidentally in connection with admissions made by him as to liability. Commenting on the record made in the case the court said:

"The fact that a defendant is so insured should not render him immune from having his admissions used against him when favorable to plaintiff, and if, in placing before the jury a statement made by him, or conversation indulged in, which tends to show such admissions, it appears as a part thereof that he is so protected, he has only himself to blame therefor."

The decision is not authority for the claim advanced by defendant on this appeal. Whether defendant was insured or not was wholly immaterial; and likewise his financial situation was not a proper subject to be injected into the trial. Under the applicable rule of law defendant was not entitled to show that portion of the conversation between himself and plaintiff's investigator that had no reference to the manner in which the accident happened or to any other material issue in the case.

In connection with the charge of the court defendant alleges a number of errors. In stating to the jury the statutory duties of operators of motor vehicles on public highways the court said:

"The driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and when safely clear of such overtaken vehicle shall take up a position as near the right-hand edge of the main traveled portion of the highway as practical. Provided that a vehicle whose driver has signaled his intention to turn left shall not pass upon the left."

Apparently the court was reading from 1 Comp. Laws 1929, § 4706, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4706, Stat. Ann. 1945 Cum. Supp. § 9.1574). It is alleged that the charge as given was erroneous because of the inclusion of the proviso in said section which reads:

"Provided, That a vehicle whose driver has signalled his intention to turn left shall not be passed on the left."

Emphasis is placed on the fact that there is no claim in the case at bar that plaintiff's driver had given any signal indicating his intention to turn left. In view of such situation reference to the proviso might well have been omitted. *Herzberg* v. *Knight*, 289 Mich. 29. On the record in the case, however, we are not impressed that the inadvertent inclusion of the reference in question should be regarded as prejudicial error. Construing the charge in its entirety we do not think that the jury was misled by such inclusion.

Defendant further complains of the charge of the court with reference to the alleged conduct of plaintiff's driver in permitting his vehicle to cross the center line of the road. The statutory duty of the plaintiff in this regard was called to the attention

of the jury and a specific charge was given that a violation of such duty would constitute negligence. On the record it was the duty of the jury to determine whether plaintiff's driver did violate the statute and whether such violation, if it occurred, happened at such time and place as to constitute negligence causing or contributing to the accident. Read in connection with the charge as a whole we do not think that the jury could have drawn any erroneous conclusions, prejudicial to defendant, from the statements criticized by counsel for defendant.

As before noted, plaintiff's driver when he left the cab of his truck, after striking the concrete abutment, failed to turn off the ignition. There is no testimony in the record to show that the fire either did or might have resulted because of the fact that the ignition was left on. Neither was there any satisfactory showing as to the length of time actually intervening between the striking of the abutment and the breaking out of the fire. It is a fair inference that the greater part of plaintiff's damage was caused by the burning of the truck and trailer, together with the contents. Defendant submitted to the trial court the following request to charge:

"I further charge you that if you should find that the plaintiff's truck driver was negligent in failing to turn off the ignition of his truck after the accident and that as a result thereof said gasoline became ignited, then you may not bring in a verdict for the plaintiff, for the value of said gasoline, or the damage to the oil truck caused by the fire that resulted."

This request was refused, the court saying to the jury:

"Another matter that comes to my attention right now, and that is there has been some talk in the way of argument as to what the possible effect may have been on the turning off of the ignition of this truck.

There isn't any testimony in this case so far as the court recalls to show that the turning off or the leaving on of this ignition switch had any causal connection with the explosion that occurred or with the fire, that is, the subsequent fire. The finding of facts must be from the testimony in the case. Juries cannot go into the realms of speculation, neither may they guess as to what happened. So as I say, so far as the turning off or leaving on of this ignition switch is concerned, as I recall there is no testimony in the case indicating that the failure to turn it off had any causal connection whatsoever with the resulting fire. If there was any such testimony of course you will recall it and consider it in that connection.''

On behalf of defendant it is claimed that the refusal to give the proffered request was prejudicial error and likewise that the charge, as given, was erroneous. It is defendant's claim, in substance, that the burden of proof rested on the plaintiff to show that the leaving on of the ignition had no causal relation to damage resulting from the fire. In support of such claim he relies on *Gust* v. *Muskegon Co-operative Oil Co.,* 226 Mich. 532 (33 A. L. R. 772). There the plaintiff was seated in an automobile, with a lighted lantern at her feet, while gasoline was put into the tank of the car at a service station. The gasoline became ignited and plaintiff was severely burned. It was held that the plaintiff had not established her freedom from contributory negligence. In that case, however, there was no accident preceding the fire, while in the case at bar, if plaintiff had a cause of action against defendant, it arose from the impact between the two vehicles due to the alleged act of defendant in cutting in too sharply in front of plaintiff's truck. We are concerned, therefore, with an element of damage occurring subsequently to defendant's alleged wrongful

act. It was the duty of plaintiff, through its driver, to minimize the resulting damages. The rule of law in this regard applies to negligence cases as well as to tort cases generally and to contract cases. *Poikanen* v. *Thomas Furnace Co.*, 226 Mich. 614; *Sullivan* v. *Pittsburgh Steamship Co.*, 230 Mich. 414.

In *Rich* v. *Daily Creamery Co.*, 296 Mich. 270, 282 (134 A. L. R. 232), it was said:

"We hold, however, under the authorities that the burden is upon the defendant to show in mitigation of the damages claimed that the plaintiff has not used every reasonable effort within his power so to minimize his damages. *Tradesman Co.* v. *Superior Manfg. Co.*, 147 Mich. 702; *Flickema* v. *Henry Kraker Co.*, 252 Mich. 406 (72 A. L. R. 1046); *Milligan* v. *Haggerty*, 296 Mich. 62. The same rule is applicable in tort actions as in actions for breach of contract."

The issue presented is not one of contributory negligence but rather, as claimed by counsel for plaintiff, of minimizing damages following the occurrence out of which the cause of action arises. This is sometimes referred to as the duty to prevent "avoidable consequences."

In 25 C. J. S. p. 499, it is said:

"The rule of avoidable consequences is to be distinguished from contributory negligence in that contributory negligence is a bar to the action while the rule of avoidable consequences merely goes to the reduction of damages caused by defendant."

The case of *Rich* v. *Daily Creamery Co.*, *supra*, is found in 134 A. L. R. 232, where it is followed by an extended annotation (p. 243). In such annotation it is said:

"The overwhelming weight of authority is to the effect that in actions for damages arising out of either breach of contract or tort the burden is upon

the party whose wrongful act caused the damages complained of to prove anything in diminution of the damages, or, in other words, that the damages were lessened or might have been lessened by reasonable diligence on the part of the aggrieved party.''

Under the rule announced in the *Rich Case, supra,* and supported by the weight of authority, the burden was on defendant to show that plaintiff, by the exercise of reasonable care, might have prevented that part of his loss resulting from the fire. As stated, however, no testimony was introduced tending to show that the leaving on of the ignition had any causal relation to the fire and to the subsequent damage resulting therefrom. It follows that the request to charge was properly denied and defendant may not complain that the trial court refused to permit the jury to speculate.

Defendant also assigns error on the charge of the trial court submitting to the jury the so-called ''emergency rule.'' The jury was charged that:

''Where one is required to act suddenly in the face of imminent danger that appears to him at that time, the law does not require him to exercise the same care as if he had time for deliberation and for full exercise of judgment; and this is especially true where the peril is brought about and caused by the conduct of another person. A person in an emergency will not be held guilty of contributory negligence merely because he failed to exercise the care a prudent person would have exercised under these circumstances or because he failed to exercise the best judgment or take every precaution which from a careful review of the circumstances after the accident it appears he might have taken to have avoided the injury. If such person in good faith acts as a person of ordinary prudence might have acted under the circumstances, he will not be guilty of contributory negligence.''

It is claimed that the charge as given ignored the limitation that the so-called emergency doctrine did not apply if the peril was caused by negligence on the part of plaintiff's driver or if his negligence contributed to such result. The general rule is stated in Huddy on Automobiles (8th Ed.), p. 359, as follows:

"One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence."

The rule so stated was quoted, with approval, by this court in *Walker* v. *Rebeuhr*, 255 Mich. 204.

In view of the conflicting testimony as to how and why the accident happened, the jury should have been told that plaintiff was not entitled to the benefit of the emergency doctrine if his negligence contributed to or brought about the sudden peril by which it claims its driver was confronted. Under the holdings of this court in *Walker* v. *Rebeuhr*, *supra; Lagassee* v. *Quick*, 273 Mich. 295, and other decisions of like import, we think that the failure to state the rule in such manner as to embody the necessary qualification was erroneous.

Attention is also called to the following statement in the charge:

"On the other hand, if you find and are satisfied by a preponderance of the evidence that Mr. Janninga was guilty of negligence which was the sole or proximate cause of the accident, or if he was guilty of negligence which concurred with negligence of the defendant and produced or brought about this accident, then the plaintiff would not be entitled to re-

cover and your verdict in that case would be 'No cause of action.' "

It is claimed that the effect of this charge was to place the burden of proof, with reference to the alleged contributory negligence on the part of plaintiff's driver, on defendant, and that the error in this regard is not obviated by the fact that the court had previously correctly charged that such burden was on the plaintiff.

Reliance is placed on *Herzberg* v. *Knight,* 289 Mich. 29, where a similar charge was held to be reversible error. This court said in that case:

"The rule is not that the contributory negligence of the plaintiff is to be found by a preponderance of the evidence but just the opposite. The plaintiff must establish by a preponderance of the evidence that he was not guilty of contributory negligence.

"It is only fair to the court to state, however, that in other portions of the charge he gave the right rule and the question remains, which rule did the jury follow?"

The identical situation is present in the case at bar. It cannot be said that the jury did not follow the erroneous instruction. It must be held, therefore, that it constituted prejudicial error. Other alleged errors have been examined and found to be without merit or of such a character that they will not arise on a new trial.

For the errors pointed out the judgment is reversed and a new trial granted, with costs to defendant.

Butzel, C. J., and Bushnell, Sharpe, Boyles, Reid, North, and Starr, JJ., concurred.