TAYLOR *v.* WALTER

1. WITNESSES—CROSS-EXAMINATION AS TO MISDEMEANOR—DISCRE-
TION OF COURT—CREDIBILITY.

Permitting a witness to be cross-examined as to conviction of an
*unrelated* misdemeanor is within the discretion of the trial judge
notwithstanding the statute providing that conviction of crime
may be shown for purpose of questioning the credibility of a
witness (CLS 1961, § 600.2158).

2. EVIDENCE—PROBATIVE VALUE—EXCLUSION—DISCRETION OF TRIAL
JUDGE.

A trial judge may in his discretion exclude admissible evidence
if he finds that its probative value is outweighed by the risk
that its admission will create substantial danger of undue
prejudice.

Appeal from Wayne, Fitzgerald (Neal), J. Sub-
mitted Division 1 June 10, 1968, at Detroit. (Docket
No. 3,970.) Decided December 31, 1968. Leave to
appeal granted August 5, 1969. See 382 Mich 773.

Complaint by James W. Taylor against Rudi Wal-
ter for personal injuries sustained by a collision
between himself as a pedestrian and defendant's au-
tomobile. Verdict and judgment for defendant.
Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 734, 748.
[2] 29 Am Jur 2d, Evidence §§ 249, 260.

*Albert Lopatin* (*Norman L. Zemke,* of counsel), for plaintiff.

*Roy P. Nelson,* for defendant.

Per Curiam. This suit arose out of an auto-pedestrian collision. Plaintiff-pedestrian's contention was that defendant negligently drove his auto in turning off of a main thoroughfare into a side street where he struck plaintiff who was properly crossing the road. Defendant contends that plaintiff walked into the side of his car. The jury held for defendant.

During cross-examination of defendant, an objection was made and sustained to questions concerning his prior convictions for traffic violations, which were sought to be admitted as a test of credibility. It is this exclusion of evidence which has prompted plaintiff's appeal.

Cross-examination for the purposes of testing a witness' credibility is dealt with in GCR 1963, 607, which states:

"During the trial of civil actions the rules of evidence approved in *Van Goosen* v. *Barlum,* 214 Mich 595; *Zimmerman* v. *Goldberg,* 277 Mich 134; *Socony Vacuum Oil Co.* v. *Marvin,* 313 Mich 528; *Cebulak* v. *Lewis,* 320 Mich 710, and re-enacted by PA 1961, No. 236, § 600.2158, shall prevail, anything in section 731 of the Michigan Vehicle Code (CLS 1961, § 257.731) to the contrary notwithstanding."[1]

In *Zimmerman, supra,* the Court held it error to exclude testimony regarding conviction of a misdemeanor arising out of the transaction giving rise to the civil suit. The Court said that whether the statute allowing for showing conviction of crime

---

[1] See 374 Mich xv.

to test credibility applied to unrelated misdemeanors, notwithstanding the statute (CL 1929, § 14217 presently CLS 1961, § 600.2158 [Stat Ann 1962 Rev § 27A.2158]) the established law of this state *permitted it within the court's discretion,* citing *Van Goosen, supra,* and *Niedzinski* v. *Coryell* (1921), 215 Mich 498.[2]

The Supreme Court, in *Zimmerman, supra,* distinguished between cross-examination on a prior plea of guilty to the very conduct relating to the civil action, and cross-examination on unrelated misdemeanors, stating that the admission of the latter is discretionary. This is the position of the majority of jurisdictions. Wigmore, Evidence (3d ed), §§ 983–987. (See *Wilbur* v. *Flood* [1867], 16 Mich 40.)

Plaintiff has interpreted the court rule to read that admission of such collateral matters for impeachment purposes is mandatory and argues that the court's exclusion of this evidence amounted to reversible error. In view of the language in *Zimmerman, supra,* we do not agree with plaintiff's interpretation but hold that the admissibility of such collateral matters as involved here, offered solely to test credibility, is within the trial court's discretion.

---

[2] In *Van Goosen, supra,* the Court said questions regarding defendant's arrests and convictions (of what crimes and misdemeanors it is not stated) were proper, for since defendant was asking the jury to believe his version of the accident, "in determining the weight to be given to his testimony they had a right to know what manner of man he had been in the past." p 599. In *Coryell, supra,* the question "Have you ever been arrested and convicted of a crime?" was held proper as bearing on the witness' credibility and the fact that such convictions all related to prior "fast driving" were explained by the court to the jury as no substantive proof of the asserted negligence. The Supreme Court said: "The testimony objected to was admissible for the purpose stated. The jury was properly cautioned by the court. We find no reversible error in what occurred." pp 508, 509.

Michigan follows the rule suggested in Rule 303, Model Code of Evidence which permits a trial judge in his discretion to exclude admissible evidence if he finds that its probative value is outweighed by the risk that its admission will create substantial danger of undue prejudice. See McCormick, Evidence, § 42, pp 87–94, and § 152, pp 319–321.

Plaintiff on appeal has neither argued nor shown that the court below abused its discretion. Absent such a showing, we find no error to have occurred.

Affirmed. Defendant may tax costs.

LEVIN, P. J. and T. G. KAVANAGH and NEWBLATT, JJ., concurred.