BUCKEYE UNION FIRE INSURANCE COMPANY *v.*
HALLMAN

EVIDENCE—WITNESSES—PAST DRIVING RECORD.
> Defendant's driving record *held,* properly allowed in evidence
> at automobile negligence trial, where the trial judge found
> that the defendant's driving record would not create a sub-
> stantial danger of prejudice and that it had some probative
> value, since the trial judge may either permit or exclude
> testimony on witness' driving record (GCR 1963, 607).

Appeal from Common Pleas Court of Detroit,
George D. Kent, J. Submitted Division 1, May 6,
1969, at Detroit. (Docket Nos. 4,811, 4,812.) De-
cided August 27, 1969.

Complaint by Buckeye Union Insurance Company,
a foreign corporation and subrogee of Kenneth E.
Faber, against Viola L. Hallman and John H. Hall-
man for damages resulting from an automobile col-
lision. Complaint by Viola L. Hallman and Olympic
Insurance Company, subrogee of Viola L. Hallman,
against Kenneth E. Faber for damages resulting
from an automobile collision. Cases consolidated
for trial. Judgment for Buckeye Union Insurance
Company in both cases. Viola L. Hallman, John
H. Hallman, and Olympic Insurance Company ap-
peal. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 940 *et seq.*

*Garan, Lucow & Miller (George J. Parish,* of counsel), for Buckeye Union Insurance Company and Kenneth E. Faber.

*Plunkett, Cooney, Rutt & Peacock (John D. Dougherty,* of counsel), for Viola L. Hallman, John H. Hallman and Olympic Insurance Company.

Before:  Holbrook, P. J., and McGregor and Bronson, JJ.

Bronson, J.  This action arises out of an open intersection automobile accident involving cars driven by Kenneth E. Faber and John H. Hallman.  At trial two cases were consolidated.  In the first case Kenneth E. Faber and Buckeye Union Insurance Company, Faber's automobile insurance carrier, sought damages from Viola L. Hallman and John H. Hallman (hereinafter referred to as defendants).  In the second case Viola L. Hallman and Olympic Insurance Company, her automobile insurance carrier, sought damages from Kenneth E. Faber.  The record shows the following important testimony of John Hallman at the trial and the court's ruling:

"*Q.* Do you consider yourself to be a good driver?
"*A.* I try to be as good as I can, sir.
"*Q.* Do you recall on September 4, 1963 in Detroit, being convicted for—
"*Mr. Dougherty:* [Defense attorney.] (Interposing.)  I am going to object to any of this, your Honor.

\*     \*     \*     \*     \*     \*     \*     \*

"*The Court:* For the purposes of impeachment, as the court said, such question becomes admissible.
"*Q.* Do you recall ever being convicted of any moving violation?
"*A.* Yes."

From a jury verdict in favor of plaintiff Faber in case one and a verdict of no cause of action in case two, defendants appeal.

The sole issue raised on appeal is the propriety of allowing testimony on defendant John Hallman's past driving record. Defendants on appeal claim it was error by the trial judge to allow plaintiff to introduce the driving record of defendant.

Cross-examination for the purpose of testing a witness' credibility is dealt with in GCR 1963, 607, which states:

"During the trial of civil actions the rules of evidence approved in *Van Goosen* v. *Barlum* (1921), 214 Mich 595; *Zimmerman* v. *Goldberg* (1936), 277 Mich 134; *Socony Vacuum Oil Co.* v. *Marvin* (1946), 313 Mich 528; *Cebulak* v. *Lewis* (1948), 320 Mich 710, and re-enacted by PA 1961, No 236, § 600.2158, shall prevail, anything in § 731 of the Michigan vehicle code (CLS 1961, § 257.731 [Stat Ann 1968 Rev § 9.2431]) to the contrary notwithstanding."

In *Taylor* v. *Walter* (1968), 15 Mich App 361, a suit arising out of an auto-pedestrian collision, the trial judge sustained defendant's objection to questions during cross-examination which were sought to be admitted as a test of credibility. This Court on appeal analyzed the scope of GCR 1963, 607. The conclusion of the Court in *Taylor* was that "in view of the language in *Zimmerman, supra,* we * * * hold that the admissibility of such collateral matters as involved here, offered solely to test credibility, is within the trial court's discretion." *Taylor* v. *Walter, supra.*

The Court in *Taylor* went on to state (p 364):

"Michigan follows the rule suggested in Rule 303, Model Code of Evidence which permits a trial judge in his discretion to exclude admissible evidence if he finds that its probative value is outweighed by

the risk that its admission will create substantial danger of undue prejudice. See McCormick, Evidence, § 42, pp 87–94, and § 152, pp 319–321."

In accord with the decision in *Taylor* v. *Walter, supra,* we find that the trial judge in the present case did not abuse his discretion. Although we, sitting as trial judge, may have ruled otherwise, we will not now disturb that discretionary ruling of the trial court. The Supreme Court's dictates in *Perin* v. *Peuler* (1964), 373 Mich 531, p 543 that:

"[I]f § 731 is to remain effective in bold dictation to the judicial branch, the legislature will have effectively 'repealed,' in substantial part, one of our oldest and most valuable rules of evidence, exemplified in CL 1948, § 617.63 (Stat Ann § 27.912), now CLS 1961, § 600.2158 (Stat Ann 1962 Rev § 27A-.2158); *Van Goosen* v. *Barlum* (1921), 214 Mich 595; *Niedzinski* v. *Coryell* (1921), 215 Mich 498; *Zimmerman* v. *Goldberg* (1936), 277 Mich 134; *Socony Vacuum Oil Co.* v. *Marvin* (1946), 313 Mich 528; *Cebulak* v. *Lewis* (1948), 320 Mich 710 (5 ALR2d 186); *People* v. *Miller* (1926), 235 Mich 340; *People* v. *Finks* (1955), 343 Mich 304 (51 ALR2d 934). The undersigned are not willing to bow further before such dictation and move accordingly to corrective action."

require the conclusion reached in this case.

It is the trial judge who must weigh the probative value of allowing testimony on a witness' past driving record. He may either permit or exclude such evidence. Here the trial judge found that the defendant's past driving record would not create a substantial danger of prejudice and that indeed it had some probative value. We cannot say that this finding was clearly erroneous.

Affirmed. Costs to appellee.

All concurred,